**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| )<br>**Merrimack Mutual Fire Insurance** )<br>**Company,** )<br> )<br>        **Plaintiff,** )<br> )<br>        **v.** )<br> )<br>**Omega Flex, Inc., et al.,** )<br> )<br>        **Defendant.** )<br> ) | **Civil Action No.**<br>**21-10917-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of a residential fire that occurred on August 17, 2018 in New Salem, Massachusetts. Merrimack Mutual Fire Insurance Company ("Merrimack" or "plaintiff"), as subrogee of the insured owner of the premises, brings claims for negligence and breach of implied warranty of merchantability. Plaintiff asserts that the fire was caused by defective corrugated stainless-steel tubing manufactured and distributed by Omega Flex, Inc. ("Omega") and a defective gas appliance connector manufactured and distributed by Dormont Manufacturing Company ("Dormont").

Merrimack commenced a civil action in Massachusetts Superior Court for Essex County in April, 2021 seeking to

- 1 -

recover based on indemnity payments it provided to its insured. In June, 2021, Omega filed a Notice of Removal in this Court on the basis of complete diversity of citizenship pursuant to 28 U.S.C. § 1332(a), to which Dormont consented. Pending before this Court is Merrimack's motion to remand.

## I.   **Motion to Remand**

### A. Legal Standard

A defendant may remove a civil lawsuit initiated in state court to the United States District Court for the district where the state case was filed so long as that court has "original jurisdiction" over the relevant case. 28 U.S.C. § 1441(a). When removal is based on a federal court's diversity jurisdiction under 28 U.S.C. § 1332(a), however, there is an exception to that general rule, i.e. that such actions

> may not be removed if any of the parties in interest
> properly joined and served as defendants is a citizen of
> the State in which such action is brought.

28 U.S.C. § 1441(b)(2). This is known as the forum-defendant rule. See Novak v. Bank of New York Mellon Tr. Co., NA., 783 F.3d 910, n.1 (1st Cir. 2015).

For jurisdictional purposes, a domestic corporation is deemed a citizen of both the state where it is incorporated and the state in which it maintains its principal place of business, 28 U.S.C. § 1332(c)(1), as of the date of the lawsuit's

commencement, see ConnectU LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008).  A corporation maintains its principal place of business at its "nerve center," the location from which the corporation's "officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).  Generally, this will

> be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination...and not simply an office where the corporation holds its board meetings.

Id. at 93.  The nerve center will not necessarily be where "the bulk of a company's business activities visible to the public take place" but rather where the "top officers [who] direct those activities" sit. Id. at 96; see also Harrison v. Granite Bay Care, Inc., 811 F.3d 36, 41 (1st Cir. 2016) (defining "nerve center" for diversity jurisdiction as "the place where the buck stops").

The party invoking federal jurisdiction bears the burden of persuasion, see Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992), and must support its allegations with "competent proof," Hertz Corp., 559 U.S. at 96-97.

### B. Application

The record in this case raises questions concerning the location of the corporate officers who direct, control and

coordinate Dormont's corporate activities.  Plaintiff asserts
that the relevant place is North Andover, Massachusetts, causing
defendant to have the same domicile as Merrimack and thus
defeating diversity jurisdiction.  Omega and Dormont demur that
Nicole Solomon ("Solomon"), Dormont's General Manager, controls
the corporation from Pennsylvania, a state in which no other
party proclaims to have as its domicile.

The Court finds that plaintiff has its principal place of
business in Pennsylvania because Solomon directs, controls and
coordinates the company's activities from that location.
Specifically, from Pennsylvania, she oversees the company's
sales, product management, commercial operations and
engineering.  Furthermore, Pennsylvania is where more than 100
of Dormont's employees are located, all of Dormont's products
are manufactured and assembled, and from which Dormont's
products are distributed.  Dormont was founded and has
maintained its headquarters for the past 75 years in
Pennsylvania and it "is the actual center of direction, control,
and coordination" of the company. Hertz Corp., 559 U.S. at 93.

Dormont's failure to object to plaintiff's representation
in the original complaint that corporate filings locate
Dormont's corporate officers in Massachusetts does not dissuade
the Court.  "[R]un-of-the-mill corporate filings" are

insufficient to establish a corporation's principal place of
business for diversity purposes.  Harrison, 811 F.3d at 41
(citing Hertz Corp., 559 U.S. at 97); see also Transp. & Storage
Sol. Inc. v. KLT Indus., Inc., 2014 WL 5320174, at *3 (D. Mass.
2014) ("[R]epresentations made in annual reports or other
documents filed with a secretary of state...do not bind a court
for purposes of diversity jurisdiction.").  Though Solomon does
not provide an explanation for those filings in her affidavit,
Dormont has provided sufficient evidence that Pennsylvania is
the company's nerve center.

> Where, as here,
>
> there is no evidence that the integrity of the
> corporate form has been violated, the separate
> corporate identities of a parent and subsidiary should
> be honored when determining either one's principal
> place of business

Taber Partners, I v. Merit Builders, Inc., 987 F.2d 57, 61 (1st
Cir. 1993); see Celli v. Greenwich Ins. Co., 478 F. Supp. 3d 93,
97 (D. Mass. 2020) ("It would be inappropriate to look to the
parent corporation when the corporate operation of
the subsidiary is maintained as a separate corporate identity.")
(internal citations omitted).  The citizenship of Dormont's
parent company, Watts Water Technologies, Inc., is therefore
irrelevant.

Defendant has established that it is domiciled in Pennsylvania, rendering it diverse from the plaintiff. Accordingly, the Court has diversity jurisdiction over this case.

**ORDER**

For the foregoing reasons, the motion of plaintiff Merrimack to remand (Docket No. 12) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated October 28, 2021